IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIAN SMITH, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) CASE NO. 1:17-CV-0286 |
| v. | ) ) Hon. Andrea R. Wood |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) ) |

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO COMPEL ARBITRATION**

      Defendant Bank of America, N.A. ("Bank of America" or the "Bank") moves the Court for an order (1) compelling Plaintiff Adrian Smith ("Plaintiff") to arbitrate, on an individual basis, the claims she asserted against the Bank in her First Amended Complaint (Dkt. # 35); and (2) dismissing this case without prejudice pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*; *see also Johnson v. Orkin, LLC*, 928 F.Supp.2d 989, 1002 (N.D. Ill. 2013), *aff'd,* 556 F. App'x 543 (7th Cir. 2014) (noting the "growing trend among courts favoring dismissal of a case when all of the claims contained therein are subject to arbitration"). In support thereof Bank of America states as follows, and files contemporaneously herewith its Memorandum of Law in Support of its Motion to Compel Arbitration:

      1.      The Court should end Plaintiff's attempts to avoid binding arbitration. She signed an arbitration agreement with her former employer, Adecco USA, Inc. ("Adecco"), which expressly covers all claims arising out of her employment, and that it covers disputes with Adecco's clients. Adecco subsequently placed her on assignment with its client, the Bank. Plaintiff sued Adecco and the Bank. In the face of Adecco's Motion to Compel Arbitration, and in an obvious attempt to avoid the clear import of the arbitration agreement, Plaintiff dismissed Adecco with prejudice, and now is attempting to proceed solely against the Bank. But her claims

1

are plainly subject to arbitration, as Bank of America is an intended third-party beneficiary to her Arbitration Agreement. In addition, her claims are subject to arbitration under principles of equitable estoppel and agency.

2. On June 18, 2015, Plaintiff and her employer, staffing agency Adecco USA, Inc. ("Adecco"), entered into a binding Dispute Resolution and Arbitration Agreement for Consultants/Associates (the "Arbitration Agreement" or "Agreement"). (Dkt. # 38-1, ¶¶ 5, 9, 14–15 [Declaration of Rachel Prentiss]; Dkt. # 38–3 [Arbitration Agreement]).

3. The Arbitration Agreement requires any dispute arising out of Plaintiff's temporary work assignment with any client of Adecco's, including any disputes regarding compensation, the Fair Labor Standards Act ("FLSA") and similar state statutes, to be resolved by binding arbitration. (Dkt. 38–3, ¶¶ 1–2, 10).

4. Plaintiff and Adecco also agreed that, "**EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE PROCEEDING.**" (Dkt. 38-3, ¶ 7) (emphasis in original).

5. The Agreement also specifically provides that

> It is understood and agreed by the parties that a Client and its affiliates are intended to be third party beneficiaries to this Dispute Resolution Agreement… any disputes that may be asserted against Client or its affiliates due to Employee's temporary work assignment at Client shall be resolved pursuant to this Dispute Resolution Agreement in the same manner as claims made against the Company.

(Dkt. 38–3, ¶ 10).

6. At the time Plaintiff executed the Agreement she knew the temporary work assignment Adecco recruited her for was at Bank of America. (Dkt. # 35, ¶¶ 12, 14–15).

2

7. Plaintiff also understood that Bank of America was Adecco's client. (Deposition of Adrian Smith ["Smith Dep."], at 95:23–24, 96:7–8).

8. Plaintiff could have opted out of the Agreement within thirty days of receiving it, but she did not do so. *See* Dkt. # 38-1, ¶¶ 16–17; Dkt. # 38–3, ¶ 9.

9. Plaintiff ignored the Agreement by filing this lawsuit, asserting identical FLSA and Illinois Minimum Wage Law ("IMWL") violation claims against her employer, Adecco, and Adecco's client, Bank of America. (Dkt. # 35).

10. Adecco moved to compel arbitration. (Dkt. #27-29; Dkt. #37-39). Plaintiff sought discovery pertaining to the Agreement. (Dkt. #34). After completing that discovery, Plaintiff dismissed Adecco, with prejudice, thereby admitting, at least implicitly, that she had no basis to oppose Adecco's motion to compel arbitration, and/or that her claims otherwise fail on the merits. (Dkt. # 43).

11. Despite dismissing Adecco with prejudice, Plaintiff has refused to dismiss Bank of America. She has asserted that, notwithstanding that she has alleged that Adecco and Bank of America were her "joint or co-employers and thus jointly responsible for denying Plaintiffs [sic] overtime pay…." (Dkt. #35 at 2), that she does not believe that Bank of America is a third-party beneficiary of the Agreement, or that she is otherwise obligated to arbitrate her claims against Bank of America because Bank of America is not a party to the Agreement.

12. The Court should not countenance such gamesmanship and allow Plaintiff to avoid her clear obligation to arbitrate in this fashion.

13. The plain language of the Arbitration Agreement states that Adecco's clients are intended third-party beneficiaries of the Agreement, and that any claims against Adecco's clients arising out of an assignment from Adecco must be resolved by binding individual arbitration.

3

14. In addition, the Court should compel Plaintiff to individually arbitrate her disputes under the terms of the Agreement under principles of equitable estoppel and agency.

14. Bank of America, therefore, respectfully requests the Court to compel Plaintiff to arbitrate her claims on an individual basis pursuant to the Arbitration Agreement and dismiss Plaintiff's case pending the result of arbitration.

15. Filed in support of this Motion and Bank of America's supporting Memorandum of Law are the following:

- **Bank Exhibit 1** — Plaintiff's First Amended Complaint, Dkt. # 35

- **Bank Exhibit 2** — Excerpts from Deposition Transcript of Adrian Smith

- **Bank Exhibit 3** — Adecco's Memorandum in Support of its Motion to Compel Arbitration and accompanying exhibits, Dkt. 38

    o Declaration of Adecco's Manager of Contracts/OnBoarding, Rachel Prentiss, Dkt. # 38-1

    o Plaintiff's Electronic Signature Agreement that she signed as part of her onboarding process with Adecco, Dkt. # 38-2.

    o Plaintiff's Arbitration Agreement, Dkt. # 38-3

    o Plaintiff's Acknowledgement of Company Form, which lists all documents that she viewed, but was not required to sign, as part of her on-boarding process, Dkt. # 38-4

WHEREFORE, Defendant Bank of America, N.A. respectfully requests that the Court enter an order requiring that Plaintiff Adrian Smith's claims be arbitrated on an individual basis and dismissing this case without prejudice.

Respectfully submitted,

By:  */s/ Michael D. Mandel*
Michael D. Mandel
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA  90067

4

Telephone: (310) 315-8200
Facsimile: (310) 956.3113
Email: mmandel@mcguirewoods.com

Michael R. Phillips
Katharine P. Lennox
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312)849-8100
Facsimile: (312)849-3690
Email: mphillips@mcguirewoods.com
Email: klennox@mcguirewoods.com

Attorneys for Defendant, Bank of America, N.A.


Dated: October 30, 2017

## **CERTIFICATE OF SERVICE**

I, an attorney, hereby certify that on October 30, 2017, I electronically filed the foregoing ***Defendant Bank of America, N.A.'s Motion to Compel Arbitration*** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy was served via the CM/ECF system upon the following counsel

>Ryan F. Stephan, Esq.
>James B. Zouras
>Catherine T Mitchell, Esq.
>205 N. Michigan Ave., Ste. 2560
>Chicago, IL 60602
>(312) 233-1550
>rstephan@stephanzouras.com
>jzouras@stephanzouras.com
>cmitchell@stephanzouras.com
>
>Attorneys for Plaintiff

*/s/ Michael D. Mandel*
Michael D. Mandel
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 315-8200
Facsimile: (310) 956.3113
Email: mmandel@mcguirewoods.com

Michael R. Phillips
Katharine P. Lennox
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312)849-8100
Facsimile: (312)849-3690
Email: mphillips@mcguirewoods.com
Email: klennox@mcguirewoods.com

Attorneys for Defendant, Bank of America, N.A.