IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIAN SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and ADECCO USA, INC.,<br><br>Defendants. | Case No. 1:17-cv-0286<br><br>COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Adrian Smith ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*, and as a Class Action pursuant to the Federal Rules of Civil Procedure, Rule 23, and in accordance with Illinois state wage and hour law against Defendants, Bank of America, N.A. and Adecco USA, Inc. (collectively "Defendants"), their subsidiaries and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

### NATURE OF ACTION

1.  Plaintiff contends that Defendants, acting as joint employers, violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*, by knowingly suffering or permitting Plaintiff and the Class members to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours.



1

2.  Defendant Bank of America, N.A. (hereinafter referred to as "BOA"), is responsible for a "fissured employment"[1] scheme. Pursuant to this scheme, BOA has contracted with Defendant Adecco USA, Inc. (hereinafter referred to as "Adecco") and other staffing agencies ("preferred vendors"), to recruit, hire and assign individuals to perform work for BOA at its offices. These workers are hired by Adecco and other staffing agencies as W-2 employees. Although BOA controls virtually all aspects of Plaintiffs' work, BOA disclaims any responsibility for Plaintiffs as its employees and refuses to pay them overtime as required by law. Here, the economic reality of the relationship renders Defendants as joint or co-employers and thus jointly responsible for denying Plaintiffs overtime pay for work performed over 40 hours in a given week.

## JURISDICTION AND VENUE

3.  This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. (*See* Dkt. 1-1).

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs and the Parties are residents of different states.

---

[1] Fissured employment describes the practice of a large company attempting to shed its role as a direct employer and purporting to disassociate itself from the workers responsible for its client services (albeit maintain tight control over the method, manner, quantity, and quality of work). The practice of outsourcing an employer's responsibilities and obligations to subordinate entities and subcontractors is highly profitable for corporations like BOA, but results in stagnation of wages and benefits and causes rampant violations of wage-and-hour laws. See e.g., David Weil, *The Fissured Workplace: Why Work Became So Bad for So Many and What Can Be Done to Improve It* (Harvard Univ. Press, Feb. 3, 2014); David Weil, *Enforcing Labour Standards in Fissured Workplaces: The US Experience*, 22 Econ. & Lab. Rel. Rev. 2, at 33-54 (July 2011).

2

5. Defendants are covered by the provisions of the FLSA because BOA and Adecco are each an "enterprise" under the FLSA, 29 U.S.C. §203(s)(1)(A). Defendants have employees engaged in commerce and revenue that exceeds $500,000.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants reside in, and do business within this District and because the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

**PARTIES**

8. Named Plaintiff, Adrian Smith, is a resident of Illinois and worked for Defendants in Chicago, Illinois as a Treasury Services Support Advisor during the applicable statute of limitations period. Throughout this period, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1).

9. Defendant, Bank of America, N.A. is a Delaware corporation with its principal place of business located in Charlotte, North Carolina. Defendant provides banking and corporate account services to customers throughout this District and nationwide.

10. Defendant, Adecco USA, Inc. is a Delaware corporation with its principal place of business located in Melville, New York. Defendant provides temporary and permanent workforce staffing solutions to companies throughout Illinois, including this District, and nationwide.

11. Plaintiff was jointly employed by Defendants and worked for Defendants at BOA's office located at 540 West Madison Street in Chicago, Illinois. At all times relevant, Defendants were Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and were actively engaged in

the conduct described herein. Throughout the relevant period, Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

## FACTS

12. Plaintiff and class members (collectively "Plaintiffs") are individuals who were recruited and hired to work for BOA by Adecco and other preferred vendors[2], as Treasury Services Support Advisors, or any other similarly titled position, such as Treasury Services Advisors (TSA) and/or Dedicated Service Directors (DSD), during the statutory period (hereinafter "TSSAs"). Plaintiffs all shared similar job titles, training, job descriptions, job requirements and compensation plans, among other things.

13. Plaintiffs' primary duty involved servicing BOA's corporate customers. More specifically, Plaintiff and other similarly situated TSSAs responded to email and other requests from BOA's customers related to their accounts.

14. Upon information and belief, BOA and Adecco have a contractual relationship in which Adecco recruits and hires individuals to work for BOA and its offices nationwide and BOA pays Adecco for the work performed by these workers. Pursuant to this agreement, BOA dictates and controls all aspects of Plaintiffs' work, including Plaintiffs' assignments, work schedules and the amount of compensation they receive. BOA also controls scheduling and timekeeping systems and practices (*i.e.* – Fieldglass) applicable to Plaintiffs.

15. Plaintiff was recruited by Adecco to work for BOA as a TSSA at its financial center in Chicago, Illinois. Plaintiff was interviewed by BOA and thereafter informed that she met BOA's hiring criteria. Next, Plaintiff was required to complete BOA's hiring process, including

---

[2] Upon information and belief, employees were hired to work for Bank of America through additional staffing agencies, other than Adecco.

4

completion of BOA's background check, fingerprinting and prior employment verification. Plaintiff was also provided with BOA on-boarding forms.

16. Plaintiff worked for Defendants, from July 2015 to October 2015 and was paid a straight hourly rate for 40 hours of work per week. Despite the fact that Plaintiff routinely worked more than 40 hours per week, she was not paid overtime.

17. Plaintiff was instructed by Defendants to record her time worked, up to 40 hours per week, in Defendants' Fieldglass system. Fieldglass is a program used by Defendants to record and bill for Plaintiffs' time worked.

18. Throughout the course of her employment with Defendants, Plaintiff reported to a BOA supervisor, was provided a BOA cubicle and a BOA e-mail address. Plaintiff shared similar job duties and responsibilities as other BOA employees who were not hired through staffing agencies.

19. Pursuant to its scheme to deprive Plaintiff and other similarly situated workers of overtime pay, Defendants managed Plaintiff's work, including the amount of hours worked by TSSAs. Defendants dictated, controlled and ratified the wage and hour and all relative compensation policies.

20. Under Defendants' common scheme, Plaintiff and other similarly situated workers were compensated based on a 40 hour workweek. Nonetheless, Defendants encouraged, required and/or permitted Plaintiff and other similarly situated TSSAs to work more than 40 hours per week.

21. Plaintiff and other similarly situated TSSAs regularly worked more than 40 hours per week.

22. Defendants violated the FLSA and IMWL by not paying Plaintiff and other similarly situated TSSAs an overtime premium when they worked more than 40 hours per week.

23. Defendants knew, and were aware at all times, of the above-mentioned violations.

24. The conduct alleged above reduced Defendants' labor and payroll costs.

25. Plaintiff and class members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiff and class members in accordance with the requirements of the FLSA and IMWL, Plaintiff and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages and other damages related to Defendants' violation of the FLSA.

27. Plaintiff pursues the requested relief on behalf of the following Class:

**All individuals who were recruited and hired to work for BOA by Adecco, or any other preferred vendor, as a Treasury Services Support Advisor, or any other similarly titled position during the applicable statute of limitations period, and who performed overtime work without receiving all wages owed for such work.**

28. Representative Plaintiff is a member of the Class she seeks to represent because she was employed by Defendants during the relevant period, was routinely suffered or permitted to work more than 40 hours per week and was not paid overtime for any time worked over 40 hours per week.

29. Although Plaintiff and the Class members may have had different job titles, been hired by different staffing agencies and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective action because:

   a. Plaintiff and Class members were hired through outside staffing agencies and assigned to work for, and at, BOA locations;

   b. Defendants required Plaintiff and the Class members to follow BOA company policies, practices and directives;

    c. Defendants' unlawful conduct has been widespread, repeated and consistent;

    d. Plaintiff and the Class members worked in excess of 40 hours per week;

    e. Regardless of their job title or location, Defendants did not pay Plaintiff and the Class members an overtime premium of 1 ½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

    f. Defendants maintained common timekeeping and payroll systems and policies, namely through Fieldglass, with respect to Plaintiff and the Class members, regardless of their job title or location.

30. Defendants encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than 40 hours per week without proper overtime compensation.

31. Defendants knew that Representative Plaintiff and the collective class members performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiff and the collective class of wages and overtime compensation.

32. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Representative Plaintiff and the collective class.

33. Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiff and the collective class. Plaintiff requests that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

34. Plaintiff estimates that the Class, including both current and former employees over the relevant period, will include at least 50 members. The precise number of Class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the class members as part of the notice and "opt-in" process provided by 29

U.S.C. §216(b). Given the composition and size of the Class, members may be informed of the pendency of this action directly via mail, e-mail and by posting notice in Defendants' offices.

## CLASS ALLEGATIONS

35. The Representative Plaintiff brings claims for relief on her own and as a class action pursuant to Rule 23(a) and Rule 23(b). The class is defined as:

> **All individuals who were recruited and hired to work for BOA by Adecco, or any other preferred vendor, as a Treasury Services Support Advisor, or any other similarly titled position in the state of Illinois during the applicable statute of limitations period, and who performed overtime work without receiving all wages owed for such work.**

36. This action is properly maintained as a class action because:

   a. The class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact that are common to the class;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

   d. The Representative Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

37. On information and belief, the total number of putative class members represents at least 50 individuals. The exact number of class members may be determined from Defendants' records.

### Commonality

38. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

   a. Whether Plaintiff and the Class members were all paid based on a 40 hour workweek;

   b. Whether Plaintiff and the Class members, by definition, all worked in excess of 40 hours per week;

8

    c. Whether Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the Class members, regardless of their job title or location;

    d. Whether Defendants failed to pay Plaintiff and the Class members, an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

    e. Whether Defendants failed to pay Plaintiff and class members all compensation rightfully owed.

39. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

### Adequacy

40. The Representative Plaintiff will fairly and adequately protect the interests of the class. She has retained experienced counsel who are competent in the prosecution of complex litigation and who have experience acting as class counsel, specifically in wage and hour litigation.

### Typicality

41. The claims asserted by the Representative Plaintiff are typical of the class members she seeks to represent. The Representative Plaintiff has the same interests and suffers from the same injuries as the class members.

42. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

### Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

43. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendants' alleged underlying activities

and impact of their policies and practices affected class members in the same manner: they were subjected to a policy of suffering overtime work without overtime pay.

44. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I
### VIOLATION OF THE FLSA

45. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

46. Defendants operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

47. Plaintiff and the Class members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

48. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

10

49. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Plaintiff and the Class members to work overtime hours per week without paying them overtime wages for these hours.

50. Throughout the relevant period, Plaintiff and the Class members worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

51. Plaintiff and the Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

## COUNT II
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

54. Defendants are an "employer" and Plaintiff and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*

55. The IMWL, 820 ILCS §§105 *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per workweek. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

11

56. Throughout the relevant period, Defendants violated the IMWL, 820 ILCS §§105 *et seq.*, by routinely suffering or permitting Plaintiff and the Class members to work overtime hours per week without paying them overtime wages for these hours.

57. Throughout the relevant period, Plaintiff and the Class members worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

58. Plaintiff and the Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit. Defendants also failed to pay overtime pay and other benefits to Plaintiff and class members.

59. Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, ADRIAN SMITH, individually and on behalf of all others similarly situated, by and through her attorneys demand judgment against the Defendants and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

  A. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, email addresses and home addresses of all Treasury Services Support Advisors, or any other similarly titled position who have worked for BOA and were hired through a staffing agency within the last three years;

B. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Treasury Services Support Advisors, or any other similarly titled position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

C. Certify Count I as a collective action and Count II as a class action;

D. Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiff and similarly situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA; and

   iii. Violated the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*, by failing to pay overtime wages to Plaintiff and class members.

F. Award compensatory damages, including all pay owed and wrongful deductions made, in an amount according to proof;

G. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H. Award liquidated damages on all compensation due accruing from the date such amounts were due;

I. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J. Grant leave to amend to add claims under applicable state and federal laws;

K. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

L. For such further relief as the Court deems just and equitable.

Dated: April 5, 2017            Respectfully Submitted,


                                */s/ Ryan F. Stephan*
                                Ryan F. Stephan
                                James B. Zouras

Catherine T. Mitchell
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on April 5, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                */s/ Ryan F. Stephan*

**Boyd, David A.**

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Wednesday, April 05, 2017 12:26 PM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:17-cv-00286 Smith v. Bank of America, N.A. et al amended complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 6.1.1

## Notice of Electronic Filing

The following transaction was entered by Stephan, Ryan on 4/5/2017 at 2:25 PM CDT and filed on 4/5/2017
**Case Name:** Smith v. Bank of America, N.A. et al
**Case Number:** 1:17-cv-00286
**Filer:** Adrian Smith
**Document Number:** 35

**Docket Text:**
*First* AMENDED complaint by Adrian Smith against Adecco USA, Inc., Bank of America, N.A. and terminating Bank of America Corporation (Stephan, Ryan)

1:17-cv-00286 Notice has been electronically mailed to:

Brian E. Spang    bspang@mcguirewoods.com, jjaimes@mcguirewoods.com, usdocket@mcguirewoods.com

Catherine T Mitchell    cmitchell@stephanzouras.com, adahl@stephanzouras.com, cfoster@stephanzouras.com, ehalverson@stephanzouras.com, kbowers@stephanzouras.com

James B. Zouras    jzouras@stephanzouras.com, adahl@stephanzouras.com, cfoster@stephanzouras.com, ehalverson@stephanzouras.com, kbowers@stephanzouras.com

John Patrick Marino    jmarino@sgrlaw.com, lcarnley@sgrlaw.com

Michael David Mandel    mmandel@mcguirewoods.com, dboyd@mcguirewoods.com, ECFNEF-LACC-L&E@mcguirewoods.com, lalocke@mcguirewoods.com, USDocket@mcguirewoods.com

1

Pamela Joy Leichtling     pleichtling@clarkhill.com

Paul Ely Starkman     PStarkman@ClarkHill.com, rburman@clarkhill.com

Ryan F Stephan     rstephan@stephanzouras.com, adahl@stephanzouras.com, aficzko@stephanzouras.com, cfoster@stephanzouras.com, ehalverson@stephanzouras.com, kbowers@stephanzouras.com

Yash B Dave     ydave@sgrlaw.com, aprice@sgrlaw.com, mhowell@sgrlaw.com, mruske@sgrlaw.com, rmiller@sgrlaw.com

**1:17-cv-00286 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=4/5/2017] [FileNumber=17360970-0
] [803b752ef9b0dfc06b6695cad6c63c0549608b4f81b01ea207e092de8caff97d3ba
441e834b9b14d4e50783b20bcaf509c818bb348317c93078d7d238ee447ca]]