**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-00286 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion to Compel Arbitration [50] is granted. This case is dismissed without prejudice to Plaintiff pursuing her claim in the appropriate arbitral forum. The Clerk is directed to enter Judgment in favor of Defendant. Civil case terminated. See accompanying Statement for details.

**STATEMENT**

Plaintiff Adrian Smith has sued Defendant Bank of America, N.A. ("BOA"), alleging that it violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105/4, 105/4(a). In response, BOA contends that Smith must arbitrate her claims against it pursuant to an arbitration agreement that she entered into with her employer, Adecco USA, Inc. ("Adecco"), a temporary staffing agency through which Smith was assigned to BOA. Now before the Court is BOA's motion to compel arbitration. (Dkt. No. 50.)

**I.**

The relevant facts are undisputed. On June 18, 2015, Smith entered into an arbitration agreement ("Agreement") with Adecco. The Agreement provides, in relevant part:

> This Dispute Resolution and Arbitration Agreement for Consultants/Associates ("Dispute Resolution Agreement") is entered between Adecco USA, Inc., its successors and assigns and its officers, directors, employees, affiliates, subsidiaries and parent companies (collectively referred to as the "Company"), and ADRIAN D SMITH ("Employee").

> \* \* \*

> [T]he Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment

relationship, shall be resolved by binding arbitration . . . . **BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT**.

\* \* \*

It is understood and agreed by the parties that a Client and its affiliates are intended to be third party beneficiaries of this Dispute Resolution Agreement. Although the Client and its affiliates are not the Employee's employer, any disputes that may be asserted against Client or its affiliates due to Employee's temporary work assignment at Client shall be resolved pursuant to this Dispute Resolution Agreement in the same manner as claims made against the Company.

(Adecco's Mem. in Support of its Mot. to Compel Arb. & Stay Proceedings, Ex. B, Dkt. No. 38-3) (emphasis in original).

Notwithstanding the Agreement, on January 13, 2017, Smith filed this lawsuit in federal court against both Adecco and BOA. (Dkt. No. 1.) The initial complaint was followed in April 2017 by a First Amended Complaint ("FAC") on behalf of Smith and a putative class. (Dkt. No. 35.) Smith asserts two counts in the FAC: one under the FLSA and the other under the IMWL. BOA answered Smith's FAC on April 18, 2017. In its answer, BOA asserted as an affirmative defense: "Plaintiff is required to individually submit all claims to mandatory final and binding arbitration pursuant to an arbitration agreement covering Plaintiff's purported claims." (BOA Ans. at 15, Dkt. No. 36.)

Thereafter, Adecco moved to compel arbitration pursuant to the Agreement. (Dkt. Nos. 27.) Smith requested and was granted leave to conduct discovery regarding the validity of the Agreement prior to responding to Adecco's motion. Meanwhile, BOA filed a response to Adecco's motion stating: "Because Adecco has moved to compel arbitration consistent with its Arbitration Agreement with Plaintiff, and because Bank of America is a third-party beneficiary of the Arbitration Agreement, Bank of America does not oppose Adecco's motion." (BOA's Stmt. Regarding Adecco's Mot. to Compel Arb. at 2, Dkt. No. 32.) Then, on June 14, 2017, Smith voluntarily dismissed Adecco from this case with prejudice, leaving BOA as the only Defendant. (Dkt. No. 43.) At the next status hearing, BOA expressed its view that it was a third-party beneficiary to the Agreement and thus Smith is obligated to arbitrate their dispute. However, BOA had never moved to compel arbitration on its own behalf, and Adecco's motion (which did not directly address whether Smith was required to arbitrate her claims against BOA) was rendered moot by Smith's agreement to dismiss Adecco from the case. When asked at the hearing why it had not joined in Adecco's motion to compel arbitration, BOA had no explanation. The present motion followed.

## II.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, once satisfied that the making of an agreement to arbitrate is not disputed, the Court must order the parties to proceed to arbitration in accordance with their agreement. 9 U.S.C. § 4; *E.E.O.C. v. Waffle House, Inc.*,

534 U.S. 279, 288–89 (2011). An agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. Unless the arbitration agreement is invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability," the Court must enforce it according to its terms. *AT&T Mobility v. Conception*, 563 U.S. 333, 338 (2011). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Still, the FAA's provisions "are not to be construed so broadly as to include claims that were never intended for arbitration." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005).

"Whether the parties have agreed to arbitrate is . . . [an issue] governed by state law principles governing contract formation." *Id.* The party "opposing arbitration must identify a triable issue of fact concerning the existence of the agreement in order to obtain a trial on the merits of the contract." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The applicable standard is comparable to the summary judgment standard under Federal Rule of Civil Procedure 56: this Court must accept Smith's evidence as true, drawing all reasonable inferences in her favor. *Id.* Still, Smith cannot defeat BOA's motion to compel arbitration by "generally denying the facts upon which the right to arbitration rests" but instead "must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.*

## III.

Smith raises several objections to BOA's attempt to enforce the Agreement. She first contends that BOA is not a party to the Agreement and thus cannot require Smith to submit to its terms. "As a general matter in Illinois, only signatories to an arbitration agreement can file a motion to compel arbitration." *Cont'l Cas. Co.*, 417 F.3d at 734. However, a well-established exception exists for intended third-party beneficiaries where "the liability of a promisor to the beneficiary . . . affirmatively appear[s] from the language of the instrument." *Id.*; *see, e.g.*, *ChampionsWorld, LLC v. U.S. Soccer Fed'n*, 487 F. Supp. 2d 980, 988 (N.D. Ill. 2007) (finding that the contract at issue "specifically identified 'national associations' as a class entitled to arbitration with match agents such as [plaintiff]," and thus the defendant, as a national association, was an intended third-party beneficiary of the arbitration requirement and entitled to enforce it). The parties here do not dispute that BOA qualifies as a "Client" under the Agreement. And the Agreement requires any dispute asserted against a Client based on Smith's temporary work assignment for that Client to be subject to arbitration. Therefore, the Court finds that BOA is an intended third-party beneficiary and may enforce the Agreement even though it is not a signatory.

Smith next argues that BOA cannot enforce the Agreement because the parties never intended to confer upon it such a right. In support of this assertion, Smith claims that Adecco explicitly denied that BOA is a third-party beneficiary of the contract. However, the evidence shows that Adecco made no such statement; instead, Adecco merely acknowledged that the BOA "is not a ***party*** to the Arbitration Agreement at issue." (Pl.'s Resp. to BOA's Mem., Ex. A at 4, Dkt. No. 55-1.) As discussed above, BOA need not be a party to the Agreement to enforce it.

Smith also claims she did not know that the Agreement applied to her claims against BOA because the paragraph about third-party beneficiaries was "hidden further down in the

3

Agreement." (Pl.'s Resp. to BOA's Mem. ("Pl.'s Resp.") at 4, Dkt. No. 55.) The Court construes this argument as one claiming procedural unconscionability. "Procedural unconscionability refers to a situation where a term is so difficult to find, read, or understand that the plaintiff cannot fairly be said to have been aware he was agreeing to it, and also takes into account a lack of bargaining power." *Razor v. Hyundai Motor Am.*, 854 N.E.2d 607, 622 (Ill. 2006). "Factors to be considered in determining whether an agreement is procedurally unconscionable include whether . . . important terms were hidden in a maze of fine print." *Phoenix Ins. Co. v. Rosen*, 949 N.E.2d 639, 648 (Ill. 2011). After reviewing the Agreement, however, the Court finds no basis to conclude that the arbitration clause was hidden in any way. The Agreement in its entirety is only two pages long and uses a uniform font size, with the allegedly hidden clause plainly visible as paragraph 10 of 14. *See, e.g.*, *Brne v. Inspired eLearning*, No. 17-CV-02712, 2017 WL 4263995, at *2 (N.D. Ill. Sept. 26, 2017) (enforcing contract where "the parties do not dispute . . . that the arbitration clause was not hidden, written in excessively small font, or buried within unrelated provisions"). The Court thus declines to invalidate the Agreement for procedural unconscionability.

Smith further argues that BOA should not be able to enforce the Agreement because it has "no practice of arbitration in employee disputes," did not take any "steps to insert itself into the Agreement," and did not know of the Agreement's existence when Smith signed it. (Pl.'s Resp. at 6.) As to these objections, Smith cites no legal support suggesting that a third-party beneficiary must establish a custom, take affirmative steps, or even have knowledge of a contract at the time of its signing to assert its rights. To the contrary, in deciding whether a third-party beneficiary may enforce an arbitration agreement, the court's analysis focuses on the intent of the contracting parties. *See, e.g.*, *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 930 (7th Cir. 2003) ("To decide whether a party is . . . a third-party beneficiary, we must determine the intent of the parties based on the contract as a whole . . . ."); *Brown v. Worldpac, Inc.*, No. 17 CV 6396, 2018 WL 656082, at *3 (N.D. Ill. Feb. 1, 2018) (holding that a third-party beneficiary may enforce an arbitration agreement "when the signatories to the agreement intended that the [third-party beneficiary] derive benefits from the agreement and where the arbitration clause is susceptible to this interpretation").

Finally, the Court considers whether BOA's unexplained delay in moving to compel arbitration constitutes a waiver of its arbitration rights. "A contractual right to arbitrate may be waived expressly or implicitly . . . . Courts must examine the totality of the circumstances and determine whether based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (internal quotation marks omitted). "Although several factors may be considered in determining waiver, diligence or the lack thereof should weigh heavily in the decision—did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?" *Id.* (internal quotation marks omitted). Here, BOA raised the arbitration issue in both its Answer and its statement supporting Adecco's motion to compel. Moreover, BOA has not taken any action that evidences an intent to resolve the dispute through federal court litigation. *Cf. Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) (finding evidence of defendant's "intention to resolve the dispute through the processes of the federal court" when it removed the case to federal court). Given these circumstances, the Court finds that BOA did not waive its right to arbitrate.

       In sum, the Court finds no material factual dispute regarding the validity of the Agreement or its applicability to Smith's claims against BOA, and thus BOA's motion to compel arbitration is granted.


Dated: May 15, 2019

                                    _____
                                      Andrea R. Wood
                                      United States District Judge