IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIAN SMITH, on behalf of herself and all others similarly situated,<br>                 Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A.,<br>                 Defendant. | CASE NO. 1:17-CV-0286<br><br>Hon. Andrea R. Wood |

**JOINT MOTION SEEKING RELIEF FROM FINAL JUDGMENT IN ORDER TO REVIEW SETTLEMENT, AND, JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL, WITH PREJUDICE**

Plaintiff Adrian Smith and Defendant Bank of America, N.A., by counsel, jointly seek relief from the final judgment that this Court entered in this matter (Dkt. Nos. 104–05) in order for the Court to approve the parties' negotiated resolution of the above-referenced matter, and to dismiss this action, with prejudice. In support thereof, the parties state as follows:

**I.**     **Introduction**

Plaintiff commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.* ("IMWL"). The Plaintiff and Defendant jointly request that the Court (1) re-open this matter for the limited purpose of reviewing the parties' settlement agreement, (2) review the parties' agreement *in camera,* and (3) enter an order approving the parties' settlement of their *bona fide* dispute regarding Plaintiff's asserted entitlement to damages under the FLSA and IMWL and dismiss this action, with prejudice. The parties have engaged in discovery and motion practice, and arm's length negotiations, and have negotiated a good faith settlement of Plaintiff's claims. They have agreed to resolve the disputed factual and legal issues on terms set forth in the parties' Confidential Settlement Agreement and General Release, which the parties are contemporaneously submitting to the Court for *in camera* review.

When a court evaluates an FLSA and/or an IMWL settlement, it "must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA [or IMWL] provisions." *Butler v. Am. Cable & Tel., LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011) (citations omitted) (FLSA claim); *O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047, 1050 (N.D. Ill. 2002) (holding that the Court or the Department of Labor must also determine whether a release of IMWL claims is a reasonable resolution of a bona fide dispute under the IMWL). When supervising a settlement of wage and hour claims, courts often consider many of the same factors considered under Federal Rule of Civil Procedure 23, including the complexity, expense, and likely duration of the litigation, the stage of the proceeding and the amount of discovery completed, and the reasonableness of the settlement range in light of the risks of establishing liability, damages, and maintaining the action through conclusion. *Butler*, 2011 WL 4729789 at *9 n.9 (citations omitted).

Here, all of these factors weigh in favor of approval. The agreement reflects reasonable compromises of issues actually in dispute, it was reached in an adversarial context in which Plaintiff was represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable in light of Plaintiff's individual damages.

## II. **Procedural History**

On January 13, 2017, Plaintiff filed her initial Collective Action Complaint in this Court against Defendant and Adecco USA, Inc. ("Adecco"), alleging violations of the FLSA and the IMWL. (Dkt. No. 1). Specifically, Plaintiff alleged that Adecco recruited her to work for Defendant as a Treasury Services Support Advisor ("TSSA"), and that her and other similarly-situated TSSAs were paid a straight hourly rate for 40 hours of work per week, but were not paid

overtime despite routinely working more than 40 hours per week. *Id.* Plaintiff further alleged that Defendant and Adecco jointly employed her and other TSSAs. *Id.* Defendant denied these allegations, and Defendant continues to deny any wrongdoing whatsoever and does not admit to any violation of law, statute, or regulation. *Id.*

On March 22, 2017, Adecco moved to compel this action to individual arbitration. (Dkt. Nos. 27–29). That same day, Defendant filed an Answer. (Dkt. No. 30). On March 28, 2017, Defendant responded to Adecco's motion to compel, stating that it did not oppose the motion because it was a third-party beneficiary to the arbitration agreement. (Dkt. No. 32). In response to the motion, Plaintiff sought, and conducted, discovery on the arbitration agreement's validity. (Dkt. No. 34).

On April 5, 2017, Plaintiff filed an Amended Complaint, to which Defendant filed an Answer on April 18, 2017. (Dkt. Nos. 35, 36).[1] Plaintiff then voluntarily dismissed Adecco from the action on June 14, 2017. (Dkt. No. 43). Defendant then filed its own motion to compel Plaintiff's claims to individual arbitration. (Dkt. Nos. 50–51). The parties fully briefed the motion, including Plaintiff's submission of a supplemental memorandum in opposition to Defendant's motion, her submission of supplemental authority and Defendant's responses thereto. (Dkt. Nos. 55–56, 69–70, 74–75, 77–78). In accordance with the Court's Order, the parties also exchanged and responded to written discovery related to Plaintiff's individual claims and the scope of the collective class. (Dkt. No. 54).

On May 15, 2019, this Court granted Defendant's motion to compel arbitration, dismissing Plaintiff's complaint without prejudice to her pursing her claims in the appropriate

---

[1] Plaintiff's original complaint was also filed against Bank of America Corporation ("BAC"). Plaintiff dismissed BAC when she filed her amended complaint. Thereafter, Adecco renewed its motion to compel arbitration. The only difference is that the renewed motion was directed to the FAC. (Dkt. Nos. 37-39).

3

arbitral forum. (Dkt. Nos. 104–05). Plaintiff subsequently appealed this Court's decision. (Dkt. Nos. 106–07). The parties reached an agreed settlement as to Plaintiff's individual claims during mediation with the Seventh Circuit. Consequently, the parties now seek relief from this Court's final judgment for the limited purpose of allowing the Court to evaluate and approve the parties' negotiated settlement of Plaintiff's FLSA and IMWL claims, and dismiss this case with prejudice.

### III. The Appropriateness of the Settlement

This Court should approve the parties' agreement because the settlement is the product of robustly contested litigation, Plaintiff is represented by competent and experienced counsel, and the settlement agreement reflects a reasonable compromise of disputed issues, taking into account Plaintiff's limited potential damages, as compared to the fees and costs attendant to further pursuing the claims. The settlement provisions are also fair and reasonable.

In evaluating whether an FLSA and IMWL settlement is fair and reasonable, courts refrain from reaching conclusions on issues which have not been fully litigated. *Williams v. Quinn*, 748 F. Supp. 2d 892, 897 (N.D. Ill. 2010) (noting "[t]he purpose of a fairness hearing is not to resolve the merits of the case, but to determine whether the settlement is fair, reasonable, and adequate when viewed in its entirety"). Because "[t]he essence of settlement is compromise," *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985), courts should not reject a settlement "solely because it does not provide a complete victory to the Plaintiff." *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996); *see also Armstrong v. Bd. of Sch. Directors of City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980) (noting that "the essence of a settlement is compromise[,] an abandonment of the usual total-win versus total-loss philosophy of litigation in favor of a solution somewhere between the two extremes"). Parties to a

4

settlement benefit by immediately resolving the litigation prior to significant expense and enduring additional risks that accompany continued litigation. *Hiram Walker*, 768 F.2d at 889; *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002) (recognizing that, "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now"); *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985) (noting that "an integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation").

Here, the settlement is the result of extensive arms-length negotiations, undertaken in good faith and after extensive investigation and motion practice, which resulted in this case being dismissed in favor of individual arbitration, and written discovery on Plaintiff's individual claims. Continuing litigation presents additional risk, time and expense associated with Plaintiff's appeal, and the certainty thereafter of either arbitration proceedings or further proceedings before the District Court. These costs of further litigation are considerable, especially with regard to both time and money, with uncertain results. Under these circumstances, the benefits of a guaranteed recovery today, as opposed to an uncertain result in the future, are readily apparent and the proposed settlement provides immediate benefits to both parties.

Plaintiff is also represented by counsel of her choosing, who has protected her rights during the litigation and settlement negotiations. Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux v. Pierce*, 690 F.2d 616, 634 (7th Cir. 1982) (quoting *Armstrong*, 616 F.2d at 325); *Isby*, 75 F.3d at 1200. In this case, Plaintiff's counsel is fully aware of the factual contentions of their client, and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

Finally, the agreement reflects a fair and reasonable compromise of *bona fide* disputes between the parties regarding the questions of liability and the amount of recoverable damages, if any, under the FLSA and IMWL, namely: whether Plaintiff was in fact employed by Defendant; whether Plaintiff is owed overtime compensation; and whether the Parties can meet their respective burdens as to willfulness and good faith. These are issues about which Plaintiff and Defendant disagree, and though Plaintiff is confident that she would prevail on appeal, subsequent conditional certification and the merits of her claims, Defendant maintains that Plaintiff would be unsuccessful on appeal and in establishing the merits of her claims, including a joint employment relationship with the Bank. Without establishing an employment relationship with the Bank, Plaintiff would be unable to recover any damages whatsoever. *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 290 (7th Cir. 2016) (discussing that, "to qualify as an employee for purposes of the FLSA, one must perform "work" for an "employer[,]" and that, [u]nder the FLSA, the plaintiff bears the burden of establishing that he or she performed work for an employer and is therefore entitled to compensation") (citations omitted). Based on these factors and their own assessment of each party's claims and defenses, Plaintiff and Defendant agree that the negotiated settlement is a reasonable compromise of these disputed claims.

Accordingly, the parties jointly and respectfully submit that, upon its review of the parties' settlement agreement, the Court will agree that it represents a fair and reasonable compromise of Plaintiff's disputed claim, which is based upon, *inter alia*, the uncertainty regarding Plaintiff's alleged employment relationship with the Bank; the parties' respective assessments of the likelihood of Plaintiff's success on the merits of her claims if she is able to establish an employment relationship with the Bank; the amount of Plaintiff's potential damages, if any; and the risks and costs of moving forward with continued litigation, including an appeal.

Because Plaintiff has, at all times, been represented by counsel of her choice, and because the parties and their counsel agree that this settlement represents a fair and equitable resolution of the above-styled action, the parties respectfully request that the Court approve the parties' settlement agreement following its *in camera* review of said agreement and dismiss this action with prejudice. The parties are submitting a proposed order to the Court's proposed order email address at the same time they are filing this joint motion.

### IV. Attorneys' Fees and Costs

As reflected in the agreement, Defendant has also agreed to pay the attorneys' fees and costs of Plaintiff. As a result, Plaintiff will not have any additional obligation for costs or attorneys' fees.

### V. Conclusion

Based on the foregoing, the parties respectfully request that the Court (1) re-open this matter for the limited purpose of reviewing the parties' settlement agreement, (2) review the parties' agreement *in camera,* and (3) approve the settlement and dismiss this action, with prejudice.

This the 8 day of October.

/s/ Ryan F. Stephan
Ryan F. Stephan
Catherine T. Mitchell
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606
312.233.1550
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**

7

/s/ *Katharine P. Lennox*
Katharine P. Lennox, Esq.
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
312.750.3532
klennox@mcguirewoods.com

Michael D. Mandel, Esq.
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
310.315.8200
mmandel@mcguirewoods.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2019, a true and correct copy of the foregoing was filed using the Court's e-filing system, which will send notice to all counsel of record.

*/s/ Katharine P. Lennox*
Attorney for Defendant
